IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARISA DESCHINE AND MICHAEL DESCHINE,
ON THEIR OWN BEHALVES, AND ON BEHALF
OF THEIR MINOR CHILDREN, DARIUS
DESCHINE, MEKEISHA DESCHINE, DARIAN
DESCHINE, DARRY DESCHINE, MARCUS
DESCHINE, AND DEMARCO DESCHINE,

      Plaintiffs,

vs.                                                                                         No._____

MAUREEN KIDD, M.D., and
LOCUMTENENS.COM, LLC,

      Defendants.

## COMPLAINT FOR DAMAGES CAUSED BY NEGLIGENCE

Plaintiffs, Marisa Deschine and Michael Deschine, on their own behalves and on behalf of their minor children, aver for their complaint the following:

1. Plaintiffs bring this civil action for compensatory damages arising from the negligence of Dr. Maureen A. Kidd while she was working in 2013 at the Northern Navajo Medical Center ("NNMC") located in Shiprock, New Mexico, a facility operated by the United States and the Indian Health Service.

## JURISDICTION, PARTIES, AND VENUE

2. This action being between citizens of entirely different states, and involving matters in controversy that exceed $75,000 in value, this court has subject matter jurisdiction pursuant to 28 United States Code § 1332(a).

3. The tortious acts alleged herein all occurred in the State of New Mexico.

4. At all times material to this case defendant United States controlled, owned, and operated the Northern Navajo Medical Center ("NNMC").

5.     NNMC provides medical care to Native Americans who are members of recognized tribes pursuant to various federal statutes and other law.

6.     At all times material to this case defendant United States, acting through the Indian Health Service and the staff of NNMC, held itself out to have the ability to provide medical care to members of the Navajo Nation and to Ms. Deschine, including the ability to diagnose medical problems and to perform abdominal surgery, gall bladder surgery in particular.

7.     Dr. Kidd is a resident and citizen of Wisconsin. At the time of the subject incident, Dr. Kidd was working as a contract doctor or *locum tenens* for the United States at NNMC. If Dr. Kidd was an "employee" or "deemed employee" of the United States at the time of the alleged incident, jurisdiction over plaintiffs' negligence claims against Dr. Kidd would come from the Federal Tort Claims Act.

8.     The United States denies that Dr. Kidd was an "employee" of the United States or a "deemed employee" for purposes of the Federal Tort Claims Act.

9.     Because, according to the United States, Dr. Kidd was not a government employee at the time of the alleged negligence, and is thus not covered by the Federal Tort Claims Act, the United States may not be liable for the negligence of Dr. Kidd alleged herein, and plaintiffs must proceed directly against Dr. Kidd herself, and against any entity that did employee her at the time of the alleged medical negligence, which appears to be Locumtenens.com, LLC.

10.    According to the United States, Dr. Kidd, at the time of the complained of incident, worked for and was employed by Locumtenens.com, LLC.

11. Locumtenens.com, LLC (also known as Locum Tenens Com), is a limited liability company organized under the laws of Georgia, which during all times relevant to this proceeding has maintained and continues to maintain its principal place of business in Georgia.

12. Plaintiffs are tribal members of the Navajo Nation. At all times material hereto, they resided near Shiprock, New Mexico, as did their minor children on whose behalf they are making claims.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(2). Plaintiffs are authorized by statute to file this action in the United States District Court for the District of New Mexico.

14. Defendant Locumtenens.com, LLC, if it was the employer of Dr. Kidd at the time of the subject incident, as alleged, is liable under the doctrine of *respondeat superior* because the alleged negligence occurred while Dr. Kidd was working within the course and scope of her employment.

## FACTUAL BACKGROUND

15. On or about April 24, 2013, plaintiff Marisa Deschine underwent abdominal surgery at NNMC.

16. The purpose of Ms. Deschine's surgery, a cholecystectomy, was to remove her gall bladder, which doctors at NNMC concluded had become inflamed, infected, or otherwise diseased.

17. During the surgery, Dr. Kidd negligently injured and caused damage to Ms. Deschine's common bile duct, and possibly other internal anatomy.

18. Dr. Kidd severed one or more ducts in the biliary tree, exclusive of the cystic duct (which runs from the gall bladder to the common bile duct and must be severed in order to remove the gall bladder).

19. The main function of the common bile duct and the hepatic duct, which runs from the liver to the common bile duct, is to channel bile (and other substances) to the small bowel.

20. The common bile duct and the hepatic duct are vital to a healthy liver.

21. Dr. Kidd did not recognize she had negligently caused injury and she failed to locate and repair the injury.

22. After being operated on, Ms. Deschine experienced a bile leak, i.e., bile spilling into the abdominal cavity out of the common bile duct.

23. After being discharged, Ms. Deschine returned to NNMC due to pain and other symptoms suggestive of a bile leak.

24. Ms. Deschine was then sent to Durango, Colorado for a diagnostic procedure to try to determine the nature and source of her pain and other symptoms.

25. After being evaluated in Durango, Ms. Deschine was transferred back to NNMC.

26. Ms. Deschine was then transferred to Presbyterian Hospital in Albuquerque.

27. Ms. Deschine was transferred again – this time to the University of New Mexico Hospital (UNMH).

28. Ms. Deschine had to undergo further surgeries and receive further medical care because of the negligently caused injuries experienced at NNMC.

29. Ms. Deschine remained hospitalized at UNMH for many days and has had to return to UNMH for further care.

30. Ms. Deschine continues to experience health problems and symptoms caused by the negligently performed surgery at NNMC and the negligent failure to identify the injury inflicted on Ms. Deschine.

### **CAUSE OF ACTION - DUTY, NEGLIGENCE, & CAUSATION**

31. Plaintiffs repeat the averments stated in the preceding paragraphs and incorporates them by reference as part of the count of negligence.

32. Dr. Kidd is legally responsible for the negligent injury to plaintiff Marisa Deschine.

33. Dr. Kidd was on the job performing job-related duties for Locumtens.com and NNMC at the time she caused Ms. Deschine's injury.

34. Dr. Kidd and Locumtens.com are liable for the negligent acts and omissions of Dr. Kidd in her handling of Ms. Deschine's care while Ms. Deschine was a patient at NNMC, including during the time Ms. Deschine was getting diagnosis and treatment prior to, during, and after her surgery on April 24, 2013.

35. Dr. Kidd had a duty to exercise reasonable care and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of the medical profession in the provision of healthcare.

36. Dr. Kidd breached the duty of reasonable care owed to Ms. Deschine and is guilty of the following negligent actions and omissions by failing to measure up to the applicable standards of care, skill, and practice required of members of the medical profession practicing as surgeons, to wit:

a) during the cholecystectomy damaging Ms. Deschine's bile transport system, including the common bile duct and possibly the hepatic duct;

b) failing during surgery and post-operatively, and in the days subsequent to the surgery, to identify and repair in a timely manner the injury caused to Ms. Deschine;

c) negligently failing to obtain the informed consent of Ms. Deschine or offering alternatives to surgery at NNMC;

d) negligently failing to make a timely transfer to a facility that could repair the damaged common bile duct;

e) negligently and carelessly failing to measure up to the requisite standards of care and skill required and observed in the field of medicine and related fields while performing or engaged in surgery, and in further particulars that at this time are not known to plaintiffs as to the specific facts, but which are believed and hereby alleged will be disclosed during discovery in the course of the litigation.

37. The negligent actions and omissions of Dr. Kidd while employed by Locumtenens.com in failing safely and properly to provide Ms. Deschine with surgical and medical care at NNMC on and about April 24, 2013, caused injury and were actions and omissions for which both Dr. Kidd and LocumTenens.com are liable under a theory of negligence pursuant to the laws of the State of New Mexico.

38. At all times material hereto, Ms. Deschine was a patient of the Indian Health Service, an agency of the United States Department of Health & Human Services, and was in the care and custody of NNMC and Dr. Kidd, dependent upon Dr.

Kidd, the government, the hospital, and the hospital staff for her safety and medical care.

39. Dr. Kidd failed to provide appropriate, reasonable, and safe medical care for Ms. Deschine, which gives rise to a negligence cause of action against defendants, as laid out herein.

40. As a direct and proximate result of the negligence of defendant Dr. Kidd, Ms. Deschine suffered serious injury and harm.

## **SECOND CAUSE OF ACTION – LOSS OF CONSORTIUM**

41. Plaintiff Michael Deschine, on his own behalf, and he and Marisa Deschine on behalf of their minor children; Darius Deschine, Mekeisha Deschine, Darian Deschine, Darry Deschine, Marcus Deschine, and DeMarco Deschine, re-allege all earlier paragraphs.

42. Plaintiffs Michael Deschine and Marisa Deschine's children have lost, at least temporarily, the comfort, society, guidance, and companionship of plaintiff Marisa Deschine, wife and mother, as a proximate result of the injuries sustained by Marisa Deschine arising from the negligence of defendants.

43. Defendants are liable under the laws of New Mexico, for the loss of consortium claims of plaintiff Michael Deschine and the minor children of plaintiffs.

## **DAMAGES**

44. Under the law of the place of the wrong-doing, the State of New Mexico, plaintiffs are entitled to compensatory damages for their losses, both special and general, including but not limited to the nature, duration, and extent of injury, past and future medical expense, loss of earning capacity, non-medical expense incidental to her

injuries, emotional distress and suffering, physical pain, a loss of enjoyment of life, loss of household services, disfigurement and scarring, loss of consortium, and future damages caused by the negligence of Dr. Kidd. Defendants are liable to plaintiffs for their losses and plaintiffs hereby claim a right to recover all allowable damages recognized by New Mexico law, whether specifically mentioned herein or not.

## CONCLUSION

**WHEREFORE,** plaintiffs pray the court to enter judgment for them and to order that they be compensated for all losses allowed or recognized by law, for an award of allowable costs, and for such other relief the court adjudges proper under the laws and rules that govern this case.

BARBER & BORG, LLC
P.O. Box 30745
Albuquerque, NM 87190-0745
3816 Carlisle Blvd, NE Suite C (87107)
(505) 884-0004
(505) 884-0077 (fax)
Email: scott@barberborg.com

By_____/s/ Scott E. Borg
ATTORNEYS FOR PLAINTIFF